UNITED STATES of America,
Plaintiff–Appellee,

v.

Baxter Franklin JACKSON,
Defendant–Appellant.

No. 98–10197.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1999.

Decided May 11, 1999.

Matthew C. Bockmon, Assistant Federal Defender, Dennis C. Cusick (argued), Certified Student Attorney, Federal Defender Intern, Sacramento, California, for defendant-appellant.

Mark J. McKeon, Assistant United States Attorney, Sacramento, California, for plaintiff-appellee.

Before: FERNANDEZ and McKEOWN, Circuit Judges, and WEINER,[1] Senior District Judge.

1. Honorable Charles R. Weiner, Senior United States District Judge, Eastern District of Pennsylvania, sitting by designation.

PER CURIAM.

Baxter Franklin Jackson appeals from the imposition of consecutive custodial sentences following revocation of three concurrent terms of supervised release. The district court had jurisdiction pursuant to 18 U.S.C. § 3231; this court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Jackson was convicted of crimes in three different district courts. On February 25, 1991, he pled guilty in the Central District of California to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 1341. He was sentenced to 41 months imprisonment and three years of supervised release. On May 13, 1992, he pled guilty in the Eastern District of California to one count of mail fraud in violation of 18 U.S.C. § 1341 and was sentenced to 27 months imprisonment and five years of supervised release. These two cases arose out of the same course of conduct and the presentence report in the Eastern District action recommended concurrent sentences. The district court agreed and ordered that the Eastern District sentence run concurrently with the Central District sentence.

On September 9, 1994, Jackson pled guilty in the Western District of Missouri to one count of conspiracy to launder money and file false currency transaction reports in violation of 18 U.S.C. § 371, and was sentenced to 14 months and 26 days, to run concurrently with his Central District sentence. He was given two years of supervised release. The presentence report recommended a concurrent sentence because the government had filed a U.S.S.G. § 5K1.1 motion.

Jackson was released from custody on December 5, 1995 and his supervision began in the District of Minnesota. He later absconded from supervision and was arrested in Los Angeles on March 28, 1996 for grand theft of a vehicle.[2] He pled guilty to the state charge on July 1, 1996

and was sentenced to two years. Thereafter, petitions to revoke supervised release were filed in all three federal districts and eventually were consolidated in the Eastern District of California.

On August 13, 1997, Jackson admitted all charges in the three violation petitions. On December 10, 1997, his supervised release was revoked. Following the recommendation of the probation office, the district court imposed concurrent terms of imprisonment of 14 months and 24 months respectively on the Central District and Eastern District violations. However, again following the recommendation of the probation office, the district court imposed a consecutive term of 24 months on the Western District of Missouri offense. His aggregate prison term was therefore 48 months, even though the aggregate term of supervised release from the three districts was only 36 months. It is not disputed that each of these three sentences was within the range provided for revocation by Chapter 7 of the Guidelines. U.S.S.G. § 7B1.4. His projected release date is December 2000.

 The legality of a guidelines sentence is reviewed de novo. *United States v. Garcia*, 112 F.3d 395, 397 (9th Cir.1997).

 The issue of whether a district court may impose consecutive terms of imprisonment following the revocation of concurrent sentences of supervised release is one of first impression in this Circuit. Jackson argues the district court abused its discretion because once concurrent sentences of supervised release have been imposed, the revocation of such sentences can only result in the imposition of concurrent sentences of imprisonment. Jackson's argument is based on the language of 18 U.S.C. § 3624(e) which governs multiple terms of supervised release. The statute provides in pertinent part:

The term of supervised release commences on the day the person is released from imprisonment *and runs*

---

**2.** Although charged as a grand theft of a vehicle, this was not a typical street crime car theft. Jackson attempted to lease a vehicle

from a dealership using a fraudulent scheme. ER 10.

*concurrently with* any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

§ 3624(e) (emphasis added). Focusing on the highlighted words, Jackson argues it was improper for the district court, upon revocation of concurrent terms of supervised release to impose consecutive prison terms. This argument has been rejected in at least three other Circuits.

The first court to consider the issue was the Eighth Circuit in *United States v. Cotroneo*, 89 F.3d 510 (8th Cir.1996). It held that the decision to impose consecutive or concurrent sentences upon revocation of multiple terms of supervised release is committed to the sound discretion of the district court. *Id.* at 512. The question, it found, was controlled by 18 U.S.C. § 3584(a), which provides: "If multiple terms of imprisonment are imposed on a defendant at the same time, ... the terms may run concurrently or consecutively...." Because § 3584(a) is

> not limited, in terms, to the imposition of sentence at the conclusion of trial (as distinguished from the imposition of sentence after revocation of a defendant's supervised release), we conclude that the District Court retains discretion to impose either concurrent or consecutive sentences after revocation of a defendant's supervised release.

*Cotroneo*, 89 F.3d at 513. In so ruling, the Court rejected the identical argument posited here by Jackson, that § 3624(e) limits the district court's discretion:

> We do not, however, believe that § 3624(e) bears the weight that Cotro-

neo would place upon it.... Section 3624(e) thus by its terms governs the trial court's initial imposition of terms of supervised release, not its subsequent sentencing discretion upon revocation of that supervised release.

*Id.*

Two years later, the Eleventh Circuit agreed. In *United States v. Quinones*, 136 F.3d 1293 (11th Cir.1998), the Court, embracing the reasoning of the Eighth Circuit, likewise rejected an argument that 18 U.S.C. § 3583(e), which governs modification and revocation of supervised release, narrows the district court's discretion at sentencing following a supervised release violation. *Id.* at 1295 ("Whether these terms were to be consecutive or concurrent was a question that § 3584(a) entrusts to the [district] court's discretion.").

Finally, in *United States v. Johnson*, 138 F.3d 115 (4th Cir.1998), the Fourth Circuit rejected the argument that Chapter 7 of the Guidelines, as well as § 3624(e), did not authorize consecutive sentences. In discussing § 3624(e), the Court held "[i]ts plain language lends no support for the notion that it governs anything other than '[s]upervision after release.' Instead, § 3584, which governs '[m]ultiple sentences of imprisonment' and which is not limited by its language to terms of imprisonment imposed in the initial judgment of conviction, controls." *Id.* at 118 (citations omitted).

Jackson argues that both *Johnson* and *Cotroneo* were wrongly decided and should be distinguished because neither addressed the interplay between § 3584(a) and § 3583(e). Jackson argues that § 3583(e)(3) [3] explicitly limits the amount

---

**3.** The subsection provides in its entirety:
The court may ...:
 (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal

Rules of Criminal Procedure applicable *to revocation of probation or supervised release*, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A

of time a defendant can serve in prison after revocation to the time he was to serve on supervised release. This argument was specifically rejected by *Quinones* and is a misinterpretation of the statutory language. While § 3583(e)(3) does contain limiting language, a close reading of the statute shows that the language is directed to the first clause of the same subsection, and not to § 3584(a).

In its first clause, subsection (e)(3) permits the district court to "require the defendant to serve in prison all or part of the term of supervised release *authorized by statute* for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3) (emphasis added). Taking this language alone, the subsection would allow a new prison term *greater* than the period of supervised release originally imposed, so long as that supervised release was originally authorized. The limiting language that follows, "... except that a defendant whose term is revoked under this paragraph may not be required to serve more than ...", refers to this discretion to go beyond the original supervised release term, capping the term of incarceration according to the class of felony originally committed. Thus, contrary to Jackson's assertion, subsection (e)(3) clearly contemplates a period of incarceration different from the original term of supervised release.

■ Alternatively, Jackson argues the district court abused its discretion in ordering consecutive terms since it substantially departed from the approach recommended by the Sentencing Commission. Pointing to Application Note 6 to U.S.S.G. § 5G1.3, Jackson contends that the Guidelines call for only an "incremental penalty". Again, Jackson misreads the provision, which in actuality has no application to this situation.

Section 5G1.3 applies to sentences imposed on a defendant who is subject to an undischarged term of imprisonment. Application Note 6 provides in part:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the *instant offense* should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

*Id.* (emphasis added). It is clear from the highlighted words that this section is inapposite since it governs the sentence imposed for the new offense, and not on the revocation. Ironically, if it did apply, it would clearly support the district court's sentencing decision since it specifically calls for a consecutive sentence. Only in this way would the new sentence be an "incremental penalty".

■ Rather, the sentencing judge's discretion to impose consecutive sentences under 18 U.S.C. § 3584(a) is informed by factors listed in 18 U.S.C. § 3553(a). These include, inter alia, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide the defendant with needed education, medical care or other correctional treatment. While the only factor specifically noted by the sentencing judge was the need for Jackson to obtain medical treatment, the record reflects adequate justification for imposing consecutive sentences. Jackson was a career criminal who absconded from supervised release. He then committed another crime using a fraudulent scheme similar to the activities that led to his initial conviction. Viewing the record as a whole, we cannot say the district court abused its

felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a

class C or D felony, or more than one year in any other case;

discretion in imposing consecutive sentences.

AFFIRMED.