**UNITED STATES Of America,**
**Plaintiff—Appellee,**

v.

**Alexander WRIGHT, Defendant—**
**Appellant.**

Nos. 03–30051, 03–30052.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 16, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gregory R. Nyhus, SAUSA, USPO—Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Jane Elizabeth Ellis, Esq., Law Office of Jane Ellis, Attorney At Law, Portland, OR, for Defendant–Appellant.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

MEMORANDUM **

Alexander Wright appeals the district court's orders revoking supervised release and imposing sentences. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm these consolidated appeals.

Wright contends that the district court erred by sentencing him to consecutive sentences of imprisonment following the revocation of his supervised release because the original plea agreement and sentence provided that the terms of imprisonment be concurrent and co-terminous. The district court did not err because under Ninth Circuit precedent, a district court may impose consecutive sentences after the revocation of supervised release even when the original sentences were concurrent. *See United States v. Jackson,* 176 F.3d 1175, 1176 (9th Cir.1999).

Wright also contends that the district court erred by imposing a term of supervised release following his re-imprisonment. This contention is foreclosed by *United States v. Johnson,* 529 U.S. 694,

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

713, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (holding that district courts have the authority to order terms of supervised release following reimprisonment).

AFFIRMED.