UNITED STATES of America, Plaintiff—Appellee,

v.

Fletcher Louis OGLETREE, Jr., aka Fletcher Louis Ogletree, Defendant—Appellant.

No. 03–50273.

D.C. No. CR–02–00089–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Ronald L. Cheng, USLA—Office of the U.S. Attorney, Los Angeles, CA, Gregory A. Lesser, USR—Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Kathryn A. Young, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM**

Fletcher Louis Ogletree Jr. appeals the district court's revocation of supervised release and imposition of an 18–month term of imprisonment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for abuse of discretion the district court's revocation of a term of supervised release. *See United States v. Daniel,* 209 F.3d 1091, 1094 (9th Cir.2000). We review de novo the application of sentencing guidelines to facts and the legality of a sentence. *See United States v. Phillips,* 356 F.3d 1086, 1099 (9th Cir.2004); *United States v. Jackson,* 176 F.3d 1175, 1176 (9th Cir. 1999) (per curiam). We affirm.

Ogletree first contends that the district court erred in imposing a sentence consecutive to the sentence for a bank robbery conviction, which was one of the bases for the instant revocation. He contends that the district court failed to consider the relevant sentencing factors set forth in 18 U.S.C. § 3553 in deciding to sentence consecutively. We disagree. The district court reviewed the presentence report and the sentencing memoranda which address several of those sentencing factors. Moreover, bank robbery is the same offense for which Ogletree was originally convicted. Accordingly, the district court did not abuse its discretion in imposing consecutive sentences. *See Jackson,* 176 F.3d at 1178 (holding that district court did not abuse its discretion where, although specifically noting one factor, the record reflected adequate justification for imposing consecutive sentences).

Next Ogletree contends that the district court erroneously believed that it lacked the authority to sentence him to concurrent sentences. This contention is belied by the record because the district court was aware of and exercised its discretion under the Guidelines in choosing to sentence Ogletree consecutively rather than concurrently. *See id.; United States v. Lockard,* 910 F.2d 542, 544 (9th Cir.1990) (deciding that when revoking supervised

release the district court does not need to address each element of § 3553 if the record as a whole demonstrates that the court did consider the factors).

**AFFIRMED.**