# In the
# United States Court of Appeals
## For the Seventh Circuit

——————————

Nos. 02-3235, 02-3236 & 02-3237

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

FRANCIS T. DEUTSCH,

*Defendant-Appellant.*

——————————

Appeals from the United States District Court for the
Southern District of Illinois.
Nos. 96-CR-30047-01-WDS, 96-CR-30084-01-WDS &
96-CR-30085-01-WDS—**William D. Stiehl**, *Judge*.

——————————

SUBMITTED MARCH 21, 2005—DECIDED APRIL 12, 2005

——————————

Before BAUER, POSNER, and EVANS, *Circuit Judges*.

PER CURIAM. After Francis Deutsch violated the condi-
tions of his seven concurrent terms of supervised release,
the district court revoked each term and imposed a combi-
nation of concurrent and consecutive prison terms that
totals 61 more months of confinement. Deutsch appeals,
arguing that the district court had no authority to impose
any of the new prison terms consecutively. We affirm.

Deutsch pleaded guilty in 1996 to three counts of wire
fraud, 18 U.S.C. § 1343; three counts of bank fraud, *id.*

§ 1344; and one count of transporting the proceeds of fraud across state lines, *id.* § 2314. In January 1997 the district court sentenced Deutsch to seven concurrent terms of 60 months and to restitution of nearly $700,000. Additionally, the court imposed five years' supervised release on each of the bank fraud convictions and three years' supervised release on all the other counts, to run concurrently.

In the spring of 2000, Deutsch was released from prison and began his supervised release, but he didn't comply for long with the conditions of that release, so the district court revoked it. During revocation proceedings the district court found that Deutsch had violated his release conditions by kiting checks, defrauding a couple out of $50,000, borrowing $48,000 from a member of the church where he served as assistant pastor, failing to inform his probation officer about purchases exceeding $500, hiding bank accounts and lines of credit, and accepting jobs that required him to act as a fiduciary. The court revoked each term of supervision and substituted a period of imprisonment ranging from one month to 36 months, all structured to achieve total incarceration of 61 months. The court justified exceeding the 12- to 18-month range recommended under the sentencing guidelines in part by noting that Deutsch had received a substantial downward departure. *See* U.S.S.G. § 7B1.4, comment. (n.4). The court also pointed out that Deutsch fell back into crime within six months, deliberately lied to his probation officer, and betrayed the trust given him as an assistant pastor.

Deutsch principally argues that the district court had no power to impose consecutive terms of imprisonment on revocation. Whether a district court may impose consecutive prison terms upon revoking concurrent terms of supervised release is a question of first impression in this circuit, but a question that, as Deutsch acknowledges, has been decided

unfavorably to his position by every other circuit to consider it. *See United States v. Gonzalez*, 250 F.3d 923, 926-27 (5th Cir. 2001); *United States v. Jackson*, 176 F.3d 1175, 1176-79 (9th Cir. 1999) (per curiam); *United States v. Johnson*, 138 F.3d 115, 118-19 (4th Cir. 1998); *United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (per curiam); *United States v. Cotroneo*, 89 F.3d 510, 512-13 (8th Cir. 1996); *see also United States v. Rose*, 185 F.3d 1108, 1110-11 (10th Cir. 1999) (assuming, without deciding, that a district court may impose consecutive terms of imprisonment upon revocation of supervised release).

Despite this contrary authority, Deutsch argues that the specific provision governing revocation of supervised release, *see* 18 U.S.C. § 3583(e), does not allow for consecutive imprisonment and that the rest of the statutory scheme forbids it. Parsing selective statutes, Deutsch acknowledges that § 3583(e) permits a district court to require a defendant who violates supervised release "to serve in prison all or part of the term of supervised release authorized by statute." 18 U.S.C. § 3583(e)(3). But Deutsch contends the length of any new period of imprisonment is tempered by 18 U.S.C. § 3624(e), which provides that a "term of supervised release commences on the day the person is released from imprisonment and runs *concurrently* with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release." 18 U.S.C. § 3624(e) (emphasis added). According to Deutsch, the longest authorized period of supervised release for any of his convictions was five years for bank fraud, *see* 18 U.S.C. §§ 1344, 3559(a)(2), 3583(b)(1), and since supervised release terms must be imposed concurrently, *see United States v. Danser*, 270 F.3d 451, 454 (7th Cir. 2001), it stands to reason, insists Deutsch, that any period of imprisonment imposed

upon revocation must aggregate to no more than five years. Sixty-one months, he says, was too much. Anticipating the government's rebuttal, Deutsch also maintains that 18 U.S.C. § 3584(a), which vests a court with discretion to impose multiple terms of imprisonment either concurrently or consecutively, applies only to prison terms imposed upon conviction, not to incarceration for violating conditions of supervised release.

Regardless, other circuits have repeatedly rejected the argument that § 3624(e) prohibits the imposition of consecutive terms of imprisonment upon revocation. As the Eighth Circuit—the first circuit to address the argument— explained, "Section 3624(e) . . . by its terms governs the trial court's initial imposition of terms of supervised release, not its subsequent sentencing discretion upon revocation of that supervised release." *Cotroneo*, 89 F.3d at 513. Others have followed suit. *See Gonzalez*, 250 F.3d at 927; *Jackson*, 176 F.3d at 1176-78; *Johnson*, 138 F.3d at 118-19. And we agree that § 3624(e) simply explains when a term of supervised release begins to run and clarifies that it runs concurrently with other terms of supervised release or parole. 18 U.S.C. § 3624(e); *Gonzalez*, 250 F.3d at 927. No plausible reading of the statute supports Deutsch's argument that it forbids a district court from imposing consecutive terms of *imprisonment* upon revocation of supervised release.

Likewise, Deutsch's argument that § 3583(b) prohibits the imposition of consecutive terms of imprisonment upon revocation finds no support in the statute or case law. Section 3583(b) limits the length of each individual term of supervised release that may be imposed upon conviction. *See* 18 U.S.C. § 3583(b). Similarly, § 3583(e)(3) limits further the length of each term of imprisonment that may be imposed upon revocation. *See id.* § 3583(e)(3). But these restrictions limit only the length of each *term*, not the length of

*overall punishment*; therefore, when each individual term is lawful—as here—it may be stacked consecutively with other lawfully imposed terms. *See Gonzalez*, 250 F.3d at 927-28 (rejecting a similar argument under § 3583(e)(3)); *Jackson*, 176 F.3d at 1177-78 (same); *Quinones*, 136 F.3d at 1295 (same); *Cotroneo*, 89 F.3d at 513 (same).

Indeed, contrary to Deutsch's position, the only provision to speak directly to the district court's action here—the imposition of multiple terms of imprisonment—is § 3584(a). *See Gonzalez*, 250 F.3d at 928; *Jackson*, 176 F.3d at 1177-78; *Johnson*, 138 F.3d at 118-19; *Quinones*, 136 F.3d at 1294-95; *Cotroneo*, 89 F.3d at 512-13. Section 3584(a) says, "If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Because, like our sister circuits, we see nothing restricting § 3584(a) to sentencing for new convictions, we hold that a district court has discretion to impose consecutive prison terms upon revoking concurrent terms of supervised release. *See Gonzalez*, 250 F.3d at 928; *Jackson*, 176 F.3d at 1177-78; *Johnson*, 138 F.3d at 118-19; *Quinones*, 136 F.3d at 1294-95; *Cotroneo*, 89 F.3d at 512-13.

Deutsch's remaining arguments are without merit. All pending motions are DENIED, and the judgments of the district court are AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*