**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Victor Ray CRUZ, Defendant—Appellant.**

No. 04–50259.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2005.

Decided April 21, 2005.

US Attorneys Office, Office of The U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Law Office of John Lanahan, San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, PREGERSON, and TROTT, Circuit Judges.

MEMORANDUM *

Defendant Victor Cruz appeals a thirty-six month sentence imposed by the district

* This disposition is not appropriate for publica- tion and may not be cited to or by the courts

court when Cruz violated the conditions of two terms of supervised release. Cruz contends that the district court erred in imposing consecutive sentences because the terms of supervised release, on which the sentence is based, were ordered to run concurrently. In addition, Cruz maintains that the district court cannot sentence him to more than twenty-four months in prison following revocation of his supervised release. *See* 18 U.S.C. § 3583(e)(3) (providing a maximum prison term of two years where the district court revokes and terminates supervised release for a Class C or D felony). We review *de novo* the legality of a guideline sentence. *See United States v. Jackson,* 176 F.3d 1175, 1176 (9th Cir. 1999). For the reasons stated below, we affirm the district court.

A district court may impose consecutive sentences after the revocation of supervised release, even if the terms of supervised release were originally ordered to run concurrently. *See id.* at 1177; 18 U.S.C. § 3584 (affording a district court discretion to impose consecutive sentences). Section 5G1.2(d) allows district courts to "stack" (or run consecutively) sentences where the maximum statutory sentence for one count is less than the total punishment allowed by the offense level. *See* United States Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.2(d); *United States v. Buckland,* 289 F.3d 558, 570 (9th Cir.2002). In this case, the total punishment allowed by Cruz's offense level was thirty to thirty-seven months. Thus, the district court was permitted to stack one twenty-four month sentence with the other twenty-four month sentence (discounted to twelve months) to achieve a

thirty-six month sentence. *See* U.S.S.G. § 5G1.2(d).

Further, because Cruz's sentence is not a correction or modification of an "arithmetical, technical, or other clear error," it does not violate Federal Rule of Criminal Procedure 35(a).

AFFIRMED.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

