UNITED STATES of America,
Plaintiff—Appellee,

v.

Jeffrey Lewis BERALDO, Defendant—
Appellant.

No. 04–50543.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Becky S. Walker, Esq., David A. Kettel, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gail Ivens, Esq., Los Angeles, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Jeffrey Lewis Beraldo appeals from the district court's order revoking his supervised release and imposing a 24–month sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Beraldo contends that the supervised release revocation statute, 18 U.S.C. § 3583(e), violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the imposition of imprisonment upon revocation depends upon a fact not found beyond a reasonable doubt by the jury. This contention is foreclosed by *United States v. Huerta–Pimental,* 445 F.3d 1220 (9th Cir.2006) (holding supervised release scheme does not violate the Sixth Amendment principles recog-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

nized by *Apprendi*, and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and holding that revocation of supervised release and imposition of an additional term of imprisonment are discretionary and do not violate *Booker*).

Beraldo also contends that the district court misapplied the Guidelines when it erroneously believed that it was required to revoke his supervised release and impose a consecutive sentence. However, upon review, we conclude that the record, taken as a whole, does not demonstrate that the district court believed that it was required to follow the Chapter 7 Guidelines. Further, the record shows that the district court properly considered the relevant sentencing factors set forth in 18 U.S.C. § 3553 in deciding to impose the consecutive sentence. *See United States v. Jackson*, 176 F.3d 1175, 1178 (9th Cir. 1999) (per curiam).

**AFFIRMED.**