**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Ricardo RODRIGUEZ, Jr., Defendant—Appellant.**

No. 05–50593.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 24, 2006.

Roger W. Haines, Jr., Esq., Office of the U.S. Attorney, San Diego, CA, Joshua M. Segal, Solicitor General of the United States, Department of Justice, Washington, DC, for Plaintiff–Appellee.

Marc Carlos, San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Jose Ricardo Rodriguez, Jr. appeals

---

from the 36–month sentence imposed upon revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. As Rodriguez failed to raise his contentions below, we review the district court's judgment for plain error, *see Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), and we affirm.

Rodriguez challenges the district court's imposition of consecutive revocation sentences where the district court had initially imposed concurrent terms of supervised release. This contention is foreclosed by *United States v. Jackson,* 176 F.3d 1175, 1177–78 (9th Cir.1999) (per curiam) (holding that the district court has discretion to impose consecutive sentences of imprisonment upon revocation of concurrent sentences of supervised release).

Rodriguez also contends that the revocation of his supervised release violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Specifically, he contends that the revocation procedure is unconstitutional because it allows for an additional term of imprisonment not authorized by the jury's verdict, and because it permits revocation based on judge-found facts established only by a preponderance of the evidence. Rodriguez's contentions are foreclosed. *See United States v. Huerta–Pimental,* 445 F.3d 1220, 1224–25 (9th Cir.2006) (holding that the revocation of supervised release and resulting punishment is part of the original sentence and requires no impermissible judicial fact-finding, and that because revocation and the imposition of additional punishment are discretionary, neither violate *Booker* or the Sixth Amendment).

Because Rodriguez's contentions fail, we need not consider his remedy claims.

**AFFIRMED.**