**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald CASSON, Jr., Defendant–Appellant.**

**No. 07–50026.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007 \*.

Filed June 7, 2007.

Steven E. Stone, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David J. Zugman, Esq., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and ROBART \*\*, District Judge.

**MEMORANDUM \*\*\***

Ronald Casson was sentenced to 22 months' imprisonment for violating the concurrent terms of his supervised release. He argues on appeal that 18 U.S.C.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 3624(e) prohibits the district court from imposing consecutive sentences of imprisonment for his violation of the concurrent terms of his supervised release.[1] We affirm Casson's sentence.

In *United States v. Jackson*, 176 F.3d 1175 (9th Cir.1999), we considered the application of § 3624(e) to a court's consideration of a supervised release violation. We concluded that "the District Court retains discretion to impose either concurrent or consecutive sentences, after revocation of a defendant's supervised release." *Id.* at 1177. As a three-judge panel, we are bound by *Jackson* unless an intervening decision by the Supreme Court has "undercut the theory or reasoning underlying [*Jackson*] in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir.2003) (en banc).

Casson's assertion that the Supreme Court's opinion in *Johnson v. United States*, 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), undermines *Jackson* is not persuasive. *Johnson* did not consider or cite § 3624(e), or otherwise consider concurrent terms of supervised release, because Johnson was serving a single term of supervised release. We do not read *Johnson* as undermining our opinion in *Jackson* that a district court has the discretion to impose either concurrent or consecutive sentences after revocation of a defendant's supervised release, and accordingly, Casson's sentence is **AFFIRMED.**

---

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

