**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Levi Samuel LABUFF, Defendant—Appellant.**

**No. 06–30082.**

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2008.*

Filed July 23, 2008.

Joseph E. Thaggard, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Edmund F. Sheehy, Jr., Esq., Helena, MT, for Defendant–Appellant.

R.App. P. 34(a)(2).

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Defendant Levi Samuel LaBuff, Sr., appeals the district court's imposition of a harsher sentence following his partially successful appeal. We vacate the sentence and remand for resentencing.

The Supreme Court has held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Wasman v. United States,* 468 U.S. 559, 564–65, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled in part by Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). If a judge fails to supply reasons for imposing a harsher sentence, and there is a "reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority," then "a presumption arises that a greater sentence has been imposed for a vindictive purpose—a presumption that must be rebutted by objective information ... justifying the increased sentence." *Smith,* 490 U.S. at 798–99, 109 S.Ct. 2201 (internal quotations omitted). "This rule applies to resentencings as well as retrials." *United States v. Garcia–Guizar,* 234 F.3d 483, 490 (9th Cir.2000).

The two sentences the district court imposed in this case were superficially similar in that both were to run consecutively to any undischarged sentences. Because the district court imposed another, longer, sentence to run concurrently with the sentence in this case while LaBuff's appeal in this case was pending, however, the district court's decision to order the sentence to run consecutively after the case was remanded caused LaBuff's total prison term to increase by fifty-one months. The district court failed to provide an explanation for this increased sentence, and the government has not presented any "objective information" to demonstrate that the longer sentence was justified by events or conduct "of the defendant occurring after the initial sentencing." *Wasman,* 468 U.S. at 570, 572, 104 S.Ct. 3217.

We are not persuaded by the government's argument that the district court was concerned about punishing LaBuff twice for the same conduct. Such a concern at the time of the initial sentencing could have been abated by the imposition of a partially concurrent sentence to provide an incremental increase in punishment for the non-overlapping conduct. In addition, the government's explanation of the district court's motives is speculation. On remand, the district court will have an opportunity to provide its actual reasons, should it choose to again impose a harsher sentence.

LaBuff contends that the district court abused its discretion by failing to state why it ordered the sentence in this case to run consecutively to LaBuff's other undischarged sentences. We agree. Although a district court is generally not required to specify a reason for imposing a consecutive, rather than a concurrent, sentence, the failure to "justify its choice of the sentence as a whole with reference to the factors listed in [18 U.S.C.] § 3553(a)" constitutes reversible error. *United States v. Fifield,* 432 F.3d 1056, 1066 (9th Cir.2005); *see also* 18 U.S.C. § 3584(b). The district court did briefly recite the facts and proce-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dural history of LaBuff's other cases and state that it had given "consideration to the provisions of 18 United States Code Section 3553(a)." The district court, however, did not discuss a single § 3553(a) factor or explain how any of LaBuff's conduct or criminal history justified the sentence chosen. Nor did the district court offer any general justification for the sentence it imposed from which we could infer that it actually considered the relevant § 3553(a) factors. A district court's explanation of its sentence need not be elaborate, but it does need to be present. *See United States v. Mix,* 457 F.3d 906, 912–913. (9th Cir.2006); *United States v. Jackson,* 176 F.3d 1175, 1178–79 (9th Cir.1999).

Sentence **VACATED; REMANDED** for resentencing.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.