**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DAVID XINIDAKIS,
*Defendant-Appellant.*

No. 09-50307

D.C. No.
3:08-CR-07026-
IEG-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted March 2, 2010*
Pasadena, California

Filed March 25, 2010

Before: Pamela Ann Rymer and Kim McLane Wardlaw,
Circuit Judges, and Matthew F. Kennelly,** District Judge.

Opinion by Judge Rymer

---

*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

## COUNSEL

Jodi D. Thorp, Law Offices of Jodi Thorp, San Diego, California, for the defendant-appellant.

Nicole A. Jones, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

## OPINION

RYMER, Circuit Judge:

We must decide whether 18 U.S.C. § 3624(e) prohibits a district court from imposing consecutive sentences of imprisonment where a defendant violates concurrent terms of supervised release. Although we answered this question negatively in *United States v. Jackson*, 176 F.3d 1175 (9th Cir. 1999)

(per curiam), David Xinidakis argues that *Jackson* has been undermined by the United States Supreme Court's decision in *Johnson v. United States*, 529 U.S. 694 (2000). We disagree. *Jackson* remains the law of this circuit, and controls. Multiple revocations of concurrent terms of supervised release may result in consecutive time; there is no legal requirement that they must result in concurrent time. Accordingly, we affirm.

I

Xinidakis was convicted on May 6, 1999, in the Western District of Texas of bank robbery, using and carrying a firearm during a crime of violence, and conspiracy to carry a firearm during a crime of violence. He was sentenced to a total of 123 months imprisonment, and 5 years of supervised release on each count to run concurrently. He was released from custody and began his term of supervised release on August 1, 2006.

In May 2008 a petition was filed in the Western District of Texas alleging that Xinidakis violated the conditions of supervised release by, among other things, failing to notify his probation officer of an arrest in California for trespassing after he ignored the terms of a restraining order. Jurisdiction was transferred to the Southern District of California, where Xinidakis was living at the time. The court revoked supervised release, sentenced Xinidakis to time served, and reimposed supervised release on the condition that he live in a Residential Reentry Center for up to 120 days.

Two and half months later, another petition to revoke was filed based on Xinidakis's unsuccessful termination from the Reentry Center. It was subsequently amended to allege that Xinidakis violated California law by stalking, violating a restraining order, and committing battery. The district court found that Xinidakis violated the conditions of release,[1] and

---

[1] Xinidakis challenges the sufficiency of the evidence to support revocation, but we affirm the district court's determination in a memorandum disposition filed simultaneously with this opinion.

sentenced him to 10 months imprisonment on Count 1 of the underlying indictment and 10 months on Count 2, to run consecutively, and 10 months on Count 3, to run concurrently to the sentence imposed on Counts 1 and 2, for a total of 20 months.

Xinidakis appeals the legality of the sentence, which we review de novo. *United States v. Chang*, 207 F.3d 1169, 1177 (9th Cir. 2000).

## II

**[1]** This appeal turns on whether *Jackson* remains good law. If so, it squarely controls. There, we considered application of § 3624(e) to revocation of multiple terms of supervised release. Based on the language of § 3624(e),[2] Jackson argued that once concurrent sentences of supervised release had been imposed, revocation of those sentences could only result in the imposition of concurrent sentences of imprisonment. 176 F.3d at 1176-77. We joined other circuits that had rejected the same argument, embracing their conclusion that § 3624(e) governs just the initial imposition of supervised release, and not the imposition of prison terms after revocation. Further, we endorsed our colleagues' opinion that § 3584(a),[3] which governs the imposition of multiple sentences of imprisonment generally, applies to post-revocation sentences. 176 F.3d at 1177-78. As a result, a district court " 'retains discretion to impose either concurrent or consecutive sentences after revo-

---

[2]Section 3624(e) provides in pertinent part:

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

[3]Section 3584(a) provides: "If multiple terms of imprisonment are imposed on a defendant at the same time, . . . the terms may run concurrently or consecutively . . . ."

cation of a defendant's supervised release.' " *Id.* at 1177 (quoting *United States v. Cotroneo*, 89 F.3d 510, 513 (8th Cir. 1996)).**4**

**[2]** Xinidakis nevertheless maintains that the district court lacked authority to impose consecutive sentences as *Johnson* overrules *Jackson*. Johnson argued that it was improper for the district court to revoke his single term of supervised release and impose a prison term followed by a further term of supervised release. 529 U.S. at 698. The Court declined to apply retroactively newly enacted § 3583(h), which would plainly allow this, and therefore had to decide whether the pre-1994 version of § 3583(e)(3) permitted imposition of supervised release after revocation and reincarceration. *See* 529 U.S. at 701-03. The Court held that it did, reasoning that so far as that statute's text was concerned, authority to "revoke" a term of supervised release and "require the person to serve in prison all or part of the term of supervised release . . ." meant that it was not a "term of imprisonment" being served upon revocation, but all or part of the "term of supervised release." *Johnson*, 529 U.S. at 705. Thus, whatever was left of the term of supervised release after reincarceration could be served as supervised release. *Id.* at 705-06.

Xinidakis posits that *Johnson* makes clear that § 3584(a) does not apply to revocation proceedings because a district court revoking supervised release does not sentence a defen-

---

**4**Every circuit court of appeals to consider the issue agrees that a district court retains discretion under § 3584(a) to impose consecutive sentences upon revoking concurrent terms of supervised release. *See United States v. Dees*, 467 F.3d 847, 851-52 (3d Cir. 2006); *United States v. Cordova*, 461 F.3d 1184, 1189 (10th Cir. 2006); *United States v. Deutsch*, 403 F.3d 915, 916-18 (7th Cir. 2005) (per curiam); *United States v. Gonzalez*, 250 F.3d 923, 926-29 (5th Cir. 2001); *United States v. Jackson*, 176 F.3d 1175, 1176-79 (9th Cir. 1999) (per curiam); *United States v. Johnson*, 138 F.3d 115, 118-19 (4th Cir. 1998); *United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (per curiam); *United States v. Cotroneo*, 89 F.3d 510, 512-13 (8th Cir. 1996).

dant to "a term of imprisonment," but instead determines he is to serve all or part of "the term of supervised release" in prison. *See Johnson*, 529 U.S. at 705-06. This, in his view, undercuts *Jackson*'s fundamental premise, so *Jackson* can no longer stand. In turn, Xinidakis would apply § 3624(e) to any "terms of supervised release" that are to be served in custody following the revocation of supervised release, thus requiring the terms to run concurrently.

**[3]** We are bound by *Jackson* unless *Johnson* "undercut the theory or reasoning underlying [*Jackson*] in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). We do not read *Johnson* as undermining *Jackson*. *Johnson* did not mention § 3624(e) or address whether a district court can order consecutive terms of imprisonment when revoking concurrent terms of supervised release. It dealt with the entirely different issue of whether the pre-1994 version of § 3583(e)(3) implicitly permitted imposition of supervised release following a recommitment even though the statute did not do so explicitly.

From *Johnson*'s discussion of the "metaphysics" of the pre-1994 version of § 3583(e)(3), 529 U.S. at 705, Xinidakis infers that § 3584(a) — which allows multiple *terms of imprisonment* to run concurrently or consecutively — does not apply to revocation proceedings because a district court revoking supervised release does not sentence a defendant to a "term of imprisonment." However, *Johnson* did not categorically determine the nature of a prison term that a defendant serves as a result of a supervised release violation. Rather, the Court was concerned only with a district court's authority to impose supervised release after reincarceration under an outdated statute. *Id*. at 702-03. The imposition of supervised release after reincarceration was not at issue in *Jackson* and it is not at issue here; the same goes for the pre-1994 version of § 3583(e)(3).

Nor did the Court suggest that its analysis would be the same were it to consider the post-1994 version of § 3583(e)(3). Although Xinidakis imputes this result to *Johnson* by asserting that Congress has not changed the language that informed *Johnson*'s interpretation of § 3583(e)(3), in fact Congress *has* changed the language of § 3583(e)(3),[5] something which the Court emphasized in contrasting the two versions. *See* 529 U.S. at 705.[6]

**[4]** In short, *Jackson* is alive and well. A district court has discretion to impose concurrent or consecutive sentences after revocation of multiple concurrent terms of supervised release. Consequently, having revoked Xinidakis's multiple terms of supervised release, the district court could sentence him to terms of imprisonment to run consecutively even though the original terms of release ran concurrently. AFFIRMED.

[5]*Compare* 18 U.S.C. § 3583(e)(3) (1994) (authorizing courts to "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously serviced on postrelease supervision"), *with* 18 U.S.C. § 3583(e)(3) (1997) (authorizing courts to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release *authorized by statute for the offense that resulted in such term of supervised release* without credit for time previously served on postrelease supervision") (emphasis added). The latter version of § 3583(e)(3) applies to Xinidakis because he was convicted in 1999. *See Johnson*, 529 U.S. at 701 (holding that "postrevocation penalties relate to the original offense").

[6]The issue confronting *Johnson*, whether § 3583 allows a district court to impose an additional term of supervised release after incarcerating a defendant for violating a term of supervised release, was resolved when Congress added § 3583(h). *See* Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 110505(3), 108 Stat. 1796, 2017. In contrast with Xinidakis's theory, this subsection characterizes the time served in custody after revocation of supervised release as a "term of imprisonment." *See* 18 U.S.C. § 3583(h); *see also United States v. Johnson*, 529 U.S. 53, 57-58 (2000) (analyzing § 3624(e) and noting that "the ordinary, commonsense meaning of release is to be freed from confinement. To say respondent was released while still imprisoned diminishes the concept the word intends to convey").