FILED

**NOT FOR PUBLICATION**

JUL 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50392 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-01578-LAB-1 |
| v. | |
| RUBEN SANAVIA-ARELLANO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50425 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02572-W-1 |
| v. | |
| RUBEN SANAVIA-ARELLANO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Thomas J. Whelan, District Judge, Presiding

Argued and Submitted June 9, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and MARBLEY, District Judge.[**]

1.     Judge Burns committed no procedural error when sentencing Ruben Sanavia-Arellano (Sanavia-Arellano).  Judge Burns properly considered the § 3553(a) factors.  *See United States v. Dewey*, 599 F.3d 1010, 1016 (9th Cir. 2010) (defining procedural error as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . .") (citation omitted).

2.     Judge Burns did not primarily rely on Sanavia-Arellano's most recent illegal reentry to impose sentence.  Rather, Judge Burns focused on Sanavia-Arellano's failure to keep his promises, *i.e.*, his breach of trust.  *See United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009) (stating that at a revocation

[**]     The Honorable Algenon L. Marbley, District Judge for the Southern District of Ohio, sitting by designation.

hearing, the sentencing court may impose a sentence for "breach of trust")

(citations omitted).

**3.**    Judge Whelan's oral pronouncement at the revocation hearing was not clear and unambiguous.  Therefore, the written judgment controls.  *See Fenner v. United States Parole Comm'n*, 251 F.3d 782, 787 (9th Cir. 2001).

**4.**    As clarified in *United States v. Xinidakis*, 598 F.3d 1213, 1217 (9th Cir. 2010), a district court judge has discretion to impose a sentence that runs concurrently or consecutively to a prior undischarged sentence.

**AFFIRMED.**