**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30290 |
| Plaintiff - Appellee, | D.C. No. 9:10-cr-00027-DWM-1 |
| v. | |
| NATHAN KEKOA SOUZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30291 |
| Plaintiff - Appellee, | D.C. No. 9:02-cr-00040-DWM-1 |
| v. | |
| NATHAN KEKOA SOUZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted August 8, 2012
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Appellant Nathan Kekoa Souza challenges the district court's revocation of his supervised release and the sentence imposed. We have jurisdiction pursuant to 18 U.S.C. § 1291, and affirm the district court.

The district court did not abuse its discretion when it relied on hearsay evidence to find that Souza violated his supervised release conditions. The prosecution's interest in not putting a Minnesota resident on the stand outweighed Souza's interest in cross-examining that witness because the hearsay evidence was corroborated by multiple witnesses and additional evidence. *See United States v. Hall*, 419 F.3d 980, 987 (9th Cir. 2005) (concluding that corroborated testimony was reliable).

There was sufficient evidence to support the district court's finding that Souza violated his supervised release conditions as alleged in the first violation listed in the petition for revocation. Even if there was insufficient evidence to support the finding that Souza stole the purse as alleged, there was sufficient evidence to support the finding that Souza stole the alleged drug money. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (applying the preponderance of evidence standard).

2

Souza's sentence is substantively reasonable because "the record as a whole reflects rational and meaningful consideration of the factors . . ." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012), *as amended* (en banc) (citation omitted).

Souza concedes that this court has previously rejected his argument that the district court erred in sentencing Souza to consecutive terms of imprisonment for violating concurrent terms of supervised release. *See United States v. Heurta-Pimental*, 445 F.3d 1220, 1221 (9th Cir. 2006) (holding that "§ 3583 supervised release is constitutional under *Apprendi*,[1] *Blakely*,[2] and *Booker*[3]" and that a "a district court's decision to revoke supervised release and impose associated penalties is also constitutional"); *see also United States v. Xinidakis*, 598 F.3d 1213, 1214 (9th Cir.), *cert. denied*, 131 S. Ct. 495 (2010) ("Multiple revocations of concurrent terms of supervised release may result in consecutive time; there is no legal requirement that they must result in concurrent time.") .

**AFFIRMED.**

---

[1]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2]*Blakely v. Washington*, 542 U.S. 296 (2004).

[3]*United States v. Booker*, 543 U.S. 220 (2005).