NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30131 |
| Plaintiff-Appellee, | No. 17-30132 |
| v. | D.C. Nos. 3:04-cr-00141-RRB |
| | 3:15-cr-00080-RRB |
| WILLIE KEITH JACKSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

In these consolidated appeals, Willie Keith Jackson appeals from the district court's judgment and challenges the 20-month aggregate sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Jackson contends that the district court procedurally erred by failing to explain its reasons for imposing consecutive, rather than concurrent, terms. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The court explained that it was imposing a 10-month sentence in each of Jackson's cases, and running them consecutively, in light of Jackson's history and characteristics, poor performance on supervised release, and the need to protect the public. The court's explanation was sufficient. *See United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Contrary to Jackson's contention, nothing in the record suggests that the court believed it was required to impose consecutive terms.

Jackson also contends that the consecutive sentences are substantively unreasonable because concurrent 10-month terms would have been sufficient to meet the goals of sentencing. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 20-month aggregate sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also United States v. Xinidakis,* 598 F.3d 1213, 1217 (9th Cir. 2010) ("A district court has discretion to impose concurrent or consecutive sentences after revocation of multiple concurrent terms of supervised release.").

**AFFIRMED.**

17-30131 & 17-30132