NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued December 10, 2008
Decided June 12, 2009

*Before*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-2995

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United |
| | ] States District Court for |
| *Plaintiff-Appellee,* | ] the Southern District of |
| | ] Indiana, Indianapolis Division |
| v. | ] |
| | ] No. 98 CR 00095 |
| DAMON W. LINDSEY, | ] |
| | ] **Sarah Evans Barker,** |
| *Defendant-Appellant.* | ] *Judge.* |

*O R D E R*

In January, 1999, Damon Lindsey pled guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 135 months' imprisonment followed by 5 years of supervised release. After Amendment 706 of the Guidelines reduced the base offense levels for crack cocaine offenses, Lindsey sought and obtained a sentence reduction under 18 U.S.C. § 3582(c). *See* U.S.S.G., Supp. to App. C 226-31 (2008)("Amendment 706"). His sentence was reduced to time served effective

March 13, 2008, and he embarked upon his five-year term of supervised release. One condition of that supervised release was that he not commit another federal, state or local crime.

Within two weeks, Lindsey had another encounter with the criminal legal system. On March 27, 2008, he was arrested and charged in state court with burglary resulting in bodily injury, armed robbery, and battery by means of a deadly weapon. Those charges stemmed from an incident in which approximately four men including Lindsey drove to the victim's house, broke down the door and beat him in an apparent attempt to steal drugs believed to be at the house. The men left with $2000 in cash, as wells as the victim's coat, wallet and necklace. Within approximately six minutes, Lindsey and his accomplices were arrested two blocks away. Lindsey was wearing the stolen necklace, and he and two other men arrested each possessed between $500 and $510 in cash on them.

A petition to revoke Lindsey's supervised release was then filed. After a hearing the magistrate judge found Lindsey to be in violation of the terms of supervised release, and recommended revocation of that release and a term of incarceration of 60 months. The district court adopted that report and recommendation, and Lindsey appeals. On appeal, Lindsey does not argue that the evidence was insufficient to support the court's determination that he committed the above offenses. His only contention on appeal is that the court failed to consider the § 3553 factors when imposing a sentence that was 23 months longer than the upper Guideline range. See 18 U.S.C. § 3553.

Pursuant to 18 U.S.C. § 3583(e), a court may revoke a defendant's supervised release and impose a sentence after considering the factors set forth in 18 U.S.C. § 3553(a). There is no requirement that the court explicitly identify and discuss each factor; it is sufficient if the court properly calculates the Guidelines range, and provides reasons for its departure that reflect the factors set forth in § 3553. *United States v. Tockes*, 530 F.3d 628, 634 (7th Cir. 2008); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). That standard was met here. In deciding to depart from the Guidelines range, the court noted that Lindsey had committed crimes of violence that resulted in physical injury to the victim, and declared that because of the nature of the committed offenses and because he had only been released from custody for two weeks when he committed those violent crimes, a departure was appropriate.

Those considerations that formed the basis for the departure reflect a number of the § 3553 factors, including consideration of the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense and promote respect for the law, the need to provide adequate deterrence, and the protection of the public. The court focused on the violent nature of the

crime which placed the victim in fear for his life and resulted in physical injuries, and the extremely short window between his release and his commission of those violent offenses. Those factors are relevant under the factors listed above, in that they address the nature and seriousness of the offense, the need to deter such conduct and promote respect for the law, and the danger posed to the public. Certainly, it was reasonable for the court to determine that a defendant who would commit such a serious and violent offense within weeks of his release posed a special danger and warranted a more severe sentence. Because the factors identified by the court to support the sentence were the proper considerations under § 3553, Lindsey has failed to demonstrate error in the sentence. The decision of the district court is **AFFIRMED**.