NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 25, 2012
Decided May 16, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2825

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-CR-240 |
| RAMON ALVARADO, JR., <br> *Defendant-Appellant*. | Rudolph T. Randa, <br> *Judge.* |

**O R D E R**

In 2011 the district judge concluded that Ramon Alvarado, Jr., had violated the terms of his supervised release seven times. His release was revoked, and the judge imposed a two-year term of reimprisonment, the maximum permitted by statute. 18 U.S.C. § 3583(e)(3). The government now concedes that one of the violations found by the judge lacked evidentiary support. We find that the pattern of conduct demonstrated by the six other violations adequately justified the otherwise reasonable reimprisonment term, and that the single unsupported finding played no role in determining that term, so we affirm.

In 2008 Alvarado, a member of the Milwaukee chapter of the Almighty Latin King Nation (a street gang), pled guilty to a RICO violation, 18 U.S.C. § 1962(d), and faced a guidelines sentencing range of 110 to 137 months. The sentencing judge (who would later preside over the revocation hearing) imposed a below-guidelines sentence of 48 months'

imprisonment, followed by 36 months' supervised release. The supervised release included several standard restrictions. Alvarado was prohibited from associating with felons or others engaged in criminal activity, could not violate federal, state, or local laws, and could not use or possess controlled substances. He was also required to follow his probation officer's instructions and, if arrested or questioned by a police officer, to promptly notify the probation officer.

Alvarado left prison in January 2011 and despite being reminded of the terms of his supervised release by his probation officer, repeatedly violated those requirements. Early in the morning on February 17th, 2011, a police officer encountered Alvarado in a car with a felon who was in possession of two loaded firearms. Alvarado was not taken into custody, but was questioned by a police officer and failed to report the questioning to his probation officer. He also ignored his probation officer's instruction to attend a treatment group meeting, and refused to meet with the probation officer. During routine drug testing—a requirement of Alvarado's release—he tested positive for THC (the principal active chemical in marijuana) three times and cocaine once, and during a search of his residence, police discovered eight baggies of cocaine. In a report prepared for Alvarado's revocation hearing, a probation officer concluded that the behavior described above constituted six violations of the terms of supervised release.

The report also listed a seventh violation: On March 22, 2011, a police officer discovered a stolen car and saw a man exiting the car. The officer shouted for the man to stop, but instead the man fled and was able to escape arrest. The police arrested a woman who had been in the car, and she told them that the man had been Ramon Alvarado.

At the revocation hearing, Alvarado's supervising probation officer was the sole witness, and her testimony recounted, among other things, her report's description of Alvarado's alleged flight from the stolen car. Alvarado's counsel objected, insisting that the violation was based on "triple hearsay" and was therefore too unreliable to be used. The government said that it didn't believe that the testimony was "all that significant," and so the judge agreed to strike the "hearsay."

During the hearing the judge stated that he had read the revocation hearing report and asked the parties if they believed that the guidelines range—7 to 13 months—had been correctly calculated. Both parties agreed that it had, but the government recommended a 24-month term, citing Alvarado's deliberate and repeated failure to observe the release terms.

Alvarado did not provide sworn testimony at the hearing, but did make a statement to the court. He did not dispute the possession or obstruction violations and conceded that

he had used drugs during his release. He denied, however, that he had known that the man driving the car at the February car stop was a felon. At the conclusion of argument by counsel, the judge began with a discussion of the role the advisory guidelines play in revocation hearings:

> Well, the Court has to look at the same things as it looked at on the original sentence. And that is the—taking the guidelines that are and always have been guidelines, and integrating them now into, of course, the factors under [18 U.S.C. § 3553], which direct the court to look at the nature and circumstances of the offense—in this case offenses—and the history and characteristics of the Defendant, and then make a decision and impose a sentence not more than necessary to achieve the same objectives that the guidelines have, such as reflecting the seriousness of the offense or offenses, promote respect for the law, create a just punishment, provide adequate deterrence, and protect the public from further crimes.

The judge then discussed, among other things, Alvarado's difficult childhood, the pernicious effects of gang violence on Milwaukee's neighborhoods, the nature and circumstances of his release violations, that the pattern of Alvarado's behavior reminded the judge of one of his clients from his days in private practice, and the possibility that Alvarado's drug use as a child could have caused lasting brain damage. He further noted that Alvarado had "caught a break" during his original sentencing by receiving a below-guidelines sentence. *Cf.* U.S.S.G. § 7B1.4 cmt. n.1 (advising that in cases where the defendant originally received a below-guidelines sentence, an above-guidelines reimprisonment term may be warranted).

The judge ultimately found that the government had presented sufficient evidence of the seven violations alleged in the revocation hearing report. Although he discussed some individual violations, he did not explain his finding that Alvarado had obstructed or resisted an officer. Finally the judge noted "My problem is I can't give you a break. I've got to accept the Government's recommendation here because of all of this." He then imposed a 24-month term of reimprisonment.

Alvarado's arguments on appeal seek to show that his reimprisonment term was imposed in a procedurally unreasonable manner (he does not contend that it is substantively unreasonable). He first argues that the judge failed to consider the guidelines range as a starting point. When determining a reimprisonment term, a district court "must begin its analysis with the recommended imprisonment ranges found in U.S.S.G. § 7B1.4," *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008), and "may not ignore the Sentencing

Commission's views embodied in the Guidelines," *United States v. Snyder*, 635 F.3d 956, 961 (7th Cir. 2011). But a district judge is presumed to have met these requirements so long as he says "*something*" that allows us to infer that he considered the guidelines. *United States v. Robertson*, 648 F.3d 858, 860 (7th Cir. 2011). Here the judge's discussion of the Sentencing Commission's policy statement regarding revocation shows that the judge understood the role the guidelines play in revocation hearings and is therefore sufficient for us to infer that he considered the guidelines range. That inference is strengthened by the fact that the judge announced that he had read the revocation hearing report (which included guideline calculations) and then asked both parties to confirm that the probation officer had correctly calculated the advisory range.

Alvarado also argues that the judge mistakenly believed that he was required to accept the government's recommendation regarding reimprisonment. This argument is frivolous and rests on a strained reading of the judge's comments. Read in context, the judge's remark—"I've got to accept the Government's recommendation here because of all of this"—meant that Alvarado's behavior (i.e. "all of this"), rather than the recommendation, compelled the judge to impose the maximum reimprisonment term.

Alvarado next argues that the judge did not adequately discuss the § 3553(a) factors, although at argument he conceded, through counsel, that the judge discussed the nature and circumstances of Alvarado's misconduct, his history and characteristics, and the need to protect the public from violent gangs. *See* § 3553(a)(1), (2)(c). The list of factors in § 3553(a) is not a checklist, *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011); *United States v. Lindsey*, 331 F. App'x 415, 416 (7th Cir. 2009) (nonprecedential decision), and the hearing transcript shows that the judge adequately explained his basis for imposing the maximum reimprisonment term using reasoning that reflected the § 3553(a) factors. *See United States v. Panaigua-Verdugo*, 537 F.3d 722, 728 (7th Cir. 2008).

Nevertheless, Alvarado insists that this case is indistinguishable from *Snyder*, a case where this court vacated an above-guidelines reimprisonment term because the district court failed to adequately explain why the term imposed was significantly higher than the guidelines range. There, the reimprisonment term was vacated even though the judge had discussed three of the § 3553(a) factors (the same factors, in fact, discussed by the judge here). *Snyder*, 635 F.3d at 961–62. But in *Snyder* the difference between the guidelines recommendation and the term imposed was extreme: The guidelines advised a 3- to 9-month term, but the court imposed a 96-month term. *Id.* at 959–61. The difference here is minor in comparison (7- to 13-month range, 24-month term imposed), *see Gall v. United States*, 552 U.S. 38, 50 (2007) ("We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one."), and as noted above the judge's lengthy discussion of Alvarado's behavior was sufficient to justify the reimprisonment term.

Finally, Alvarado argues the judge committed a procedural error by inadequately explaining his basis for finding two of the violations: Alvarado's association with a felon and his violation of a state or local law by resisting or obstructing an officer. We will vacate a sentence if it is "based on clearly erroneous facts." *Gall*, 552 U.S. at 51. Since the standard of review for revocation proceedings is more deferential, a revoking judge may select a reimprisonment term based on a factual finding that is supported by merely a "modicum" of evidence. *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007) (suggesting that revoking judges receive the same level of deference granted to prison disciplinary panels). Under this standard Alvarado's challenge to the judge's finding that Alvarado associated with a felon or others engaged in criminal activity is unavailing: Alvarado does not dispute that the man the police arrested during the car stop was a felon, and the judge was free to discount Alvarado's unsworn, self-serving, claim that he did not know that the man he was driving with at 3:30 A.M. was a felon. The surrounding circumstances (including the two loaded firearms found in the car) provide at least a modicum of evidence supporting the judge's finding, and so the judge was free to consider that violation when selecting a reimprisonment term for Alvarado.

The finding that Alvarado resisted or obstructed arrest is more problematic, and the government now concedes that the district judge had no basis to conclude that Alvarado obstructed or resisted an officer, since the only evidence supporting the alleged violation was stricken. But a reimprisonment term does not become plainly unreasonable simply because the judge makes an erroneous finding; no error occurs until the judge selects a reimprisonment term *relying* on the false finding, *see Gall*, 552 U.S. at 51, and because Alvarado is the appellant, he is required to make an initial showing of that reliance, *see United State v. Smith*, 562 F.3d 866, 874–75 (7th Cir. 2009) (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)). But Alvarado does not meet this burden, and the record shows that the judge never mentioned the obstruction violation in his ruling, despite his lengthy discussion of Alvarado's well documented failed rehabilitation. Since Alvarado did not show reliance, we conclude that the judge did not commit a significant procedural error by erroneously finding the obstruction violation.

AFFIRMED.