NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013
Decided June 21, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3676

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 02 CR 1056-1 |
| DARNELL MURRY, | |
| *Defendant-Appellant.* | Suzanne B. Conlon, |
| | *Judge.* |

**O R D E R**

The district court revoked Darnell Murry's supervised release and imposed consecutive terms of reimprisonment totaling 41 months. Murry filed a notice of appeal, but his appointed counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Murry opposes counsel's motion, *see* CIR. R. 51(b), and insists that 41 months exceeds the statutory maximum. We agree.

In 2003 a jury found Murry guilty of credit-card fraud, 18 U.S.C. § 1029(a)(2), and transporting fraudulently obtained merchandise across state lines, *id.* § 2314. Both of these crimes are Class C felonies. *Id.* §§ 1029(c)(1)(A)(i), 2314, 3559(a)(3). The district court sentenced Murry to a total of 125 months' imprisonment followed by "a term" of three

years' supervised release. He was released from prison and began serving his term of supervision in January 2012.

Before long Murry had committed a string of forgeries and identity thefts in Illinois, Indiana, and Wisconsin. His probation officer petitioned the district court to revoke his supervision, citing four of these new crimes and two other violations of standard conditions of release: leaving the judicial district without permission and failing to surrender as instructed by his probation officer. Murry admitted all six violations at his revocation hearing and did not offer any justification or arguments in mitigation. The probation officer recommended that he be reimprisoned for 41 months; although 18 U.S.C. § 3583(e)(3) caps the length of reimprisonment at 2 years if a term of supervised release was imposed for a Class C felony, the probation officer reasoned that Murry could be reimprisoned for a total of 4 years because he had been convicted of *two* such felonies. The government endorsed this view that Murry could receive consecutive, 2-year terms of reimprisonment, as did Murry's own lawyer. Defense counsel (who also represents Murry in this court) argued for a period of reimprisonment at the lower end of the 33– to 41–month guidelines range. Murry, on the other hand, insisted that the statutory maximum is 2 years and continued to argue that position even after the district court had imposed consecutive terms of 20 and 21 months. Murry even filed a pro se motion for reconsideration relying on *United States v. Eskridge*, 445 F.3d 930 (7th Cir. 2006); the district court denied that motion. (Murry had mislabeled the motion as one under Federal Rule of Criminal Procedure 35, but we construe it as a request for reconsideration. *See United States v. Rollins*, 607 F.3d 500, 504 (7th Cir. 2010).)

In his motion to withdraw, appellate counsel considers but rejects as frivolous any challenge to the overall length of Murry's reimprisonment. Counsel acknowledges Murry's contention that in 2003 he was sentenced to just *one* term of supervised release, and yet despite the contrary language in the 2003 judgment, counsel assumes that Murry was sentenced to concurrent terms of supervised release, one for each of his Class C felony convictions. If that had been the case, the district court could have imposed consecutive terms adding up to 48 months in prison, 24 months for each term of supervised release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Snyder*, 635 F.3d 956, 960 (7th Cir. 2011); *United States v. Neal*, 512 F.3d 427, 439 n.11 (7th Cir. 2008); *United States v. Deutsch*, 403 F.3d 915, 918 (7th Cir. 2005). But counsel's assumption is unfounded, and Murry correctly points out in his Rule 51(b) responses that he was sentenced to "*a* term" of supervised release, not two. In both *Snyder*, 635 F.3d at 958 n.1, and *Eskridge*, 445 F.3d at 935, we emphasized that "*a* term" means *one*, and though Murry himself brought *Eskridge* to the district court's attention, his lawyer does not mention that decision (or *Snyder*) in his *Anders* submission. Murry was serving just one term of supervised release, and so only one term could be

revoked and only one term of reimprisonment imposed. And since the statutory maximum term of reimprisonment for a Class C felony is 24 months, the district court exceeded that maximum. *See* 18 U.S.C. § 3583(e)(3)*; Snyder,* 635 F.4d at 960 n.4; *Eskridge*, 445 F.3d at 935.

Having identified a nonfrivolous issue, we typically would direct counsel to brief the appeal on the merits lest we violate the appellant's constitutional right to counsel. *See Eskridge*, 445 F.3d at 931–32. But in this case we need not order briefing. As we explained in *Eskridge*, an appellant may or may not have a constitutional right to counsel in challenging the revocation of his supervised release. *Id.* at 32. And there is no constitutional right to appellate counsel when, as here, the appellant admitted violating the conditions of his supervision and did not challenge the appropriateness of revocation. *Id.* at 932–33. Thus we are free to address the merits in this case without additional briefing. *See id.* at 933.

Accordingly, the judgment is **VACATED**, and the case **REMANDED** for further proceedings. We **DENY** counsel's motion to withdraw, since Murry has a statutory right to counsel in subsequent proceedings both in the district court, *see* 18 U.S.C. § 3006A(a)(1)(E), and if necessary in this court, *see id*. § 3006A(c).