In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-2151

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHAD E. MARMION,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 13-10035-004 — **Sara Darrow**, *Judge.*

ARGUED FEBRUARY 27, 2018 — DECIDED MARCH 15, 2018

Before WOOD, *Chief Judge*, and BAUER and BARRETT,
*Circuit Judges*.

PER CURIAM. Chad Marmion asserts procedural challenges to the 35-month prison sentence he received after he violated his supervised release. Because the district judge considered the relevant policy statements and explained her reasoning, we affirm the judgment.

A federal grand jury charged Marmion and three code-
fendants with conspiracy to manufacture methampheta-
mine. They each pleaded guilty, and Marmion's codefend-
ants received lengthy sentences (63 months, 144 months, and
168 months), while Marmion received relative leniency.
He had faced a statutory minimum of at least 120 months'
imprisonment and a guidelines range of 121 to 151 months.[1]
But because Marmion provided substantial assistance to the
government and successfully completed the district court's
Pretrial Alternatives to Detention Initiative, Chief Judge
Shadid sentenced him to just 174 days' time served and 10
years' supervised release.

Two and a half years later, Marmion's probation officer
petitioned to revoke his supervised release. The petition al-
leged that Marmion had been charged in state court with
possessing methamphetamine, had failed a recent drug test,
and had admitted recent use of methamphetamine.

The case was reassigned to Judge Darrow, who held a
revocation hearing. At the hearing, the government with-
drew the allegation that Marmion had been charged with
possession of methamphetamine. Marmion then admitted
that he had used methamphetamine ten times within the
previous six months while on supervised release. Based on
this Grade B violation and Marmion's criminal history cate-
gory of III, the judge calculated a maximum term of 60
months' imprisonment, with a recommended range of 8 to

---

[1] The government filed a notice under 21 U.S.C. § 851 to increase
Marmion's mandatory minimum to 240 months. Marmion challenged the
enhancement, but his challenge was never resolved, so the district court
referred to the 120-month minimum at sentencing and during the revo-
cation proceedings.

14 months. Both sides concurred with the judge's recitation of the relevant policy statements and declined to introduce evidence in aggravation or mitigation. The government asked the judge to impose a 36-month sentence, and Marmion asked for a sentence of around 8 months.

Judge Darrow sentenced Marmion to 35 months' imprisonment with no additional supervised release. In explaining her choice of sentence, the judge twice referenced a policy statement that advises that upon revocation "an upward departure may be warranted" if the defendant's "original sentence was the result of a downward departure," U.S.S.G. § 7B1.4 cmt. n.4. The judge concluded that although a 60-month sentence would be reasonable in this case, 35 months was "sufficient, but not greater than necessary" to promote respect for the law, to avoid a disparity with the sentences of Marmion's codefendants, and to provide graduated punishment for Marmion's recurring violations of the law.

In this court, Marmion first asserts that "the district court did not consider the guideline range during its sentencing analysis." This assertion is patently false because the judge correctly calculated the advisory range and opined—consistent with the suggestion in application note 4 to section 7B1.4 of the Sentencing Guidelines—that the sentence should account for the downward variance that Marmion received at his initial sentencing. Thus, there is no basis for Marmion's contention that the judge did not use the policy statement range as the "benchmark" of her sentencing analysis.

Marmion also faults the district judge for comparing his sentence to the substantial sentences received by his codefendants. As Marmion sees it, his codefendants were not

similarly situated with him because they did not participate in the Pretrial Alternatives to Detention Initiative. He asserts that the judge instead should have compared his sentence to "defendants whose supervised release was revoked for one positive drug test in two years."

Marmion's argument is wrong for at least three reasons. First, Marmion forfeited it by not raising it during the revocation proceedings. *See United States v. Oliver*, 873 F.3d 601, 607 (7th Cir. 2017). Second, Marmion's original sentence was less than *five percent* of the statutory minimum, which distinguishes him from his codefendants and most defendants facing revocation. Finally, the judge necessarily considered the need to avoid unwarranted sentencing disparities when she properly reviewed the relevant policy statements. *See Gall v. United States*, 552 U.S. 38, 54 (2007); *United States v. Snyder*, 635 F.3d 956, 961 (7th Cir. 2011).

AFFIRMED