**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 5, 2019
Decided March 11, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 17-3414 & 17-3417

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | Nos. 12-CR-30256-JPG-1 & 12-CR-40005-JPG-1 |
| ANTHONY D. JACKSON, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Anthony Jackson pleaded guilty twice in 2013 to possessing a firearm as a felon, 18 U.S.C. § 922(g), in case 12-CR-30256-JPG-1 and case 12-CR-40005-JPG-1. The district court sentenced him to two concurrent 22-month terms of imprisonment followed by concurrent three-year terms of supervised release. In 2017, Jackson's probation officer petitioned to revoke Jackson's supervised release in each case. The officer alleged that Jackson had driven on a revoked license, operated an uninsured car, illegally transported alcohol, possessed a controlled substance, lied to probation (twice), associated with people using cocaine, ignored location-monitoring rules, and drank alcohol while in treatment for drug addiction. At his revocation hearing, Jackson admitted these violations. The judge postponed sentencing for two months to assess Jackson's willingness to comply with the terms of his release, but he continued to

violate them by testing positive for cocaine and driving without a license. At sentencing, the district judge calculated a policy-statement range of 5 to 11 months in prison, *see* U.S.S.G. ch. 7, pt. B, and imposed two consecutive terms of 9 months' reimprisonment. Jackson filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

A defendant facing revocation of supervised release does not have a constitutional right to counsel, if, like Jackson, he concedes the alleged violations and does not dispute the appropriateness of revocation or assert substantial or complex grounds in mitigation. *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973); *United States v. Eskridge*, 445 F.3d 930, 932–933 (7th Cir. 2006). When counsel's service is not constitutionally required, we are not compelled to apply the *Anders* safeguards in ruling on a motion to withdraw. *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987); *United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016). Yet we do so as a matter of practice, and thus Jackson was permitted to respond to counsel's motion to withdraw, *see* CIR. R. 51(b), which he did. Counsel's *Anders* submission explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because counsel's analysis appears sufficient, we limit our review to the subjects that she examines and that Jackson raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 552–53 (7th Cir. 1996).

Counsel begins by considering whether Jackson could argue that the district court erroneously revoked supervised release. Counsel consulted with Jackson about whether he wishes to challenge or withdraw his admissions to the violations. Jackson told him that he does not, so counsel properly refrains from discussing whether Jackson's admissions were knowing and voluntary. *See Wheeler*, 814 F.3d at 857. We also agree with counsel that it would be frivolous to argue that the district court erred in revoking supervised release because nothing in the record supports such a contention. Because Jackson admitted possessing illegal drugs, he was subject to mandatory revocation. *See* 18 U.S.C. § 3583(g).

Next counsel ponders whether Jackson could mount a challenge to his sentence. Our review of the sentence imposed in a revocation proceeding is "highly deferential." *United States v. Raney*, 797 F.3d 454, 465 (7th Cir. 2015). A defendant is entitled to notice of the sentencing hearing, legal representation, and the opportunity to make a statement and present information in mitigation. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014) (citing FED. R. CRIM. P. 32.1). In imposing a sentence, a court need not

recite the 18 U.S.C. § 3553 factors in "check-list" fashion; it must, however, consider "several—but not all—of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Ford*, 798 F.3d 655, 663 (7th Cir. 2015) (citing 18 U.S.C. § 3583(e)). A sentence's length is proper if the judge accurately calculated the policy-statement range and considered that range along with the other statutory factors and the arguments in mitigation, and if the length is not plainly unreasonable. *See* U.S.S.G. ch. 7, pt. B; 18 U.S.C. §§ 3583(e), 3553(a); *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016).

We agree with counsel that it would be pointless to argue that the judge did not sentence Jackson permissibly. The judge notified Jackson of the charges, found that he was satisfied with counsel, and confirmed that all mitigating arguments, including his health issues, had been addressed. Before imposing the sentence, the judge noted that Jackson has "a history of violations of the law," including repeatedly driving without a license over a period of 30 years and leading to 7 convictions. His history requires "deterrence [and] protecting the public from further crimes," especially because, as the judge observed, after he gave Jackson a chance to avoid prison again, Jackson committed more violations, including not completing required drug treatment. The judge discussed Jackson's request for halfway-house placement to meet his medical issues (a recent knee surgery, ongoing back pain, a heart attack, high blood pressure, and diabetes). But the judge was not swayed because Jackson continued to use illegal drugs despite his health problems, and his medical needs could be addressed by placing him in a medical facility for his reimprisonment. The judge correctly calculated Jackson's Guidelines range of 5 to 11 months in prison (with the most serious of his violations (possessing cocaine) as Grade B) and sentenced him within that range. And the judge could permissibly impose consecutive terms of imprisonment because he was revoking concurrent terms of supervised release. *United States v. Snyder*, 635 F.3d 956, 960 (7th Cir. 2011); *United States v. Deutsch*, 403 F.3d 915, 917–18 (7th Cir. 2005). Therefore, an argument that the prison term is procedurally flawed or plainly unreasonable would be frivolous.

Last, counsel considers whether Jackson could plausibly argue that his lawyer rendered constitutionally ineffective assistance. As we have noted, Jackson did not have a constitutional right to counsel at his revocation proceedings. And even if he did, such a claim should be reserved for collateral review, where the defendant may develop a fuller record. *United States v. Stokes*, 726 F.3d 880, 897–98 (7th Cir. 2013) (citing *Massaro v. United States*, 538 U.S. 500, 504–05 (2003)).

In his Rule 51(b) response, Jackson complains that the district judge erred by sentencing him for violating his supervised-release terms without determining his

mental competence. "[A] defendant is entitled to a hearing on his competency if a *bona fide* doubt arises about his ability to consult with his attorney or his understanding of the charges brought against him." *United States v. Ross*, 510 F.3d 702, 712 (7th Cir. 2007) (internal quotation marks and citation omitted).

Jackson's argument appears to be a retraction of his statement to his lawyer that he does not wish to challenge the voluntariness of his admissions, but it is frivolous nonetheless. Before he pleaded guilty to his firearms charge in 2013, he was evaluated by a forensic psychologist. The psychologist found no evidence of mental issues that disabled Jackson from understanding the proceedings. Relying on this evaluation, the judge deemed him competent to stand trial. A defendant is competent to stand trial if he understands the charges and can communicate effectively with counsel. *Cooper v. Oklahoma*, 517 U.S. 348, 368 (1996); *Ross*, 510 F.3d at 712. This standard is the same as the standard for competence to plead guilty. *Godinez v. Moran*, 509 U.S. 389, 398–399 (1993). And under our caselaw, the standard for assessing whether a defendant's admission to violating conditions of release is knowing and voluntary is not any more rigorous. *See United States v. LeBlanc*, 175 F.3d 511, 516–517 (7th Cir. 1999).

During his revocation proceedings, Jackson gave the district judge no reason to question his competence. Neither Jackson nor his lawyer argued that the psychologist's assessment of Jackson's competence was out-of-date or invalid. And Jackson repeatedly answered "yes" when asked if he understood the allegations against him and the possible penalties. We note that his attorney informed the judge that "Jackson's family is here in the courtroom," and that Jackson's wife "is his Power of Attorney because of concerns about his memory and the way that he is handling business." This reference to the trust that Jackson places in his wife for business matters, however, gave the judge no reason to believe that Jackson did not remember the events regarding his violations. Thus, the judge was not required to order *sua sponte* a hearing on Jackson's competence to undergo revocation proceedings. *See United States v. Stoller,* 827 F.3d 591, 596 (7th Cir. 2016); *United States v. Andrews,* 469 F.3d 1113, 1117–21 (7th Cir. 2006).

We GRANT counsel's motion to withdraw and DISMISS the appeals.