**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021
Decided May 20, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 20-3148 & 20-3149

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | Nos. 3:16-cr-30140-SMY-1 & 3:20-cr-30137-SMY-1 |
| TIMOTHY L. CROSS, *Defendant-Appellant.* | Staci M. Yandle, *Judge.* |

**O R D E R**

In these consolidated appeals, Timothy Cross seeks to challenge his revocation of supervised release. His appointed counsel asserts that the appeals are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We agree with counsel that there are no non-frivolous issues in either appeal, so we grant the motions to withdraw and dismiss the appeals.

Cross recently entered custody as the result of two criminal cases. In the first, which arose in 2018, he pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g), and received a prison sentence of 33 months and three years' supervised release. In the second case, which arose a year later, Cross pleaded guilty to escape (from a halfway house). 18 U.S.C. § 751(a). For that crime, he received a sentence of two months in prison followed by two years' supervised release.

While on supervised release in both cases, Cross violated his conditions of release, leading to two petitions to revoke release. The government charged him with lying about his employment status; failing to disclose that police had questioned him about vandalizing his ex-girlfriend's car; missing appointments with his probation officer; failing to make required payments, dropping out of substance-abuse treatment; and drinking alcohol. (The second of the two petitions applied to the escape case and also sought to transfer that case to the Southern District of Illinois, where Cross then resided; the first petition, for the felon-in-possession case, was filed in that district). At the revocation hearing on both petitions, Cross admitted to not reporting for treatment or appointments, not making required payments, and consuming alcohol. After receiving Cross's testimony denying the other charges, and the probation officer's testimony supporting all the charges, the court found that the government proved the charges by a preponderance of the evidence. It granted both petitions to revoke supervised release and sentenced Cross to two consecutive terms of 12 and 18 months in prison, followed by 24- and 18-month terms of supervised release, to be served concurrently. Cross has appealed both rulings, and we consolidated the appeals for briefing and decision.

Cross does not have an unqualified constitutional right to counsel in appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973), so the *Anders* safeguards need not govern our review. Even so, our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Accordingly, we first note that Cross has not responded to counsel's motions. *See* CIR. R. 51(b). We also observe that counsel's brief explains the nature of the cases and addresses the potential issues that appeals of this kind would be expected to involve. Because his analysis of the issues appears thorough, we thus limit our review to the subjects that counsel raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Cross could argue that the district court erred by revoking his supervised release. But he does not tell us, as he should have, whether Cross wishes to challenge the revocation order or to withdraw any of the admissions

upon which that order was based. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel's omission is harmless, though, because we agree with him that any challenge to the revocation would be frivolous. A district court may revoke release if it finds by a preponderance of the evidence that the defendant violated a condition of release, 18 U.S.C. § 3583(e)(3). Nothing in the revocation-hearing transcript suggests that Cross's admissions to some violations were involuntary. Those admissions included the Grade C violations of missing payments, appointments, and treatment, and drinking alcohol. Further, the testimony from the probation officer that Cross lied about his job status (a Grade B violation) also supports revocation. *See United States v. Vreeland*, 684 F.3d 653, 655 (6th Cir. 2012) (false statements to supervising probation officer justify revocation). Given this sufficient evidence that Cross violated his supervised-release terms, counsel correctly concludes that any argument that the court wrongly revoked release would be pointless. *See United States v. Flagg*, 481 F.3d 946, 948 (7th Cir. 2007).

Next, counsel evaluates whether Cross could reasonably challenge the district court's calculation of his reimprisonment range, and appropriately concludes he could not. In the first petition (the felon-in-possession case), the court properly calculated, based on Cross's Grade B violation and his criminal-history category of II, a range of six to 12 months. U.S.S.G. § 7B1.4(a). Likewise, in the second petition (the escape case), based on the Grade C violation and the higher criminal-history category of IV, the court rightly calculated a range of 12 to 18 months. *See id.; Wheeler*, 814 F.3d at 858.

Counsel also explores but rightly rejects a challenge to the substantive reasonableness of Cross's 12- and 18-month terms of reimprisonment. We presume a within-guidelines sentence like Cross's to be reasonable, *see United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)), and counsel has not identified any ground to rebut this presumption. Nor can he. When sentencing Cross, and imposing consecutive prison terms, *see* 18 U.S.C. § 3584, the court reasonably weighed the factors under 18 U.S.C. § 3553(a). It permissibly explained that Cross's "defiance" of his obligations by not even "try[ing]" "to show up for assessments and treatments," to avoid alcohol, and to stop lying, when viewed against his criminal history, justified the sentence to deter further crimes and protect the public. In light of this reasoning, any substantive challenge to the sentence would be frivolous. *See United States v. Snyder*, 635 F.3d 956, 960 (7th Cir. 2011) (citing *United States v. Deutsch*, 403 F.3d 915, 917 (7th Cir. 2005)).

Finally, counsel considers whether Cross's new 24- and 18-month terms of supervised release exceed the maximum allowable by statute. Under § 3583(h), a post-revocation term of supervised release may not "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation." The supervised-release terms of 24 and 18 months (when added to the 12 and 18 months of new prison time) do not exceed the three-year supervised-release term maximum for each offense. Therefore, counsel correctly concludes that a challenge to the concurrent supervised-release term would be frivolous.

We therefore GRANT counsel's motions to withdraw and DISMISS the appeals.