[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 8, 2007
THOMAS K. KAHN
CLERK

----------------------------------------
No. 06-16485
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 00-08099-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY KAFKA,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(August 8, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Defendant-Appellant Gary Kafka appeals his 60-month sentence imposed for many violations of his supervised release.[1] No reversible error has been shown; we affirm Kafka's sentence. But we vacate and remand for the limited purpose of correcting a clerical error in his judgment.

Kafka contends that the district court erred in concluding that he had violated the terms and conditions of his supervised release. We review a district court's revocation of supervised release for abuse of discretion. See United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

In this case, the terms of Kafka's supervised release included, among other things, that Kafka truthfully answer his probation officer's questions, provide complete access of his financial information to his probation officer, and not apply

---

[1]The district court determined that Kafka was guilty of these violations: (1) committing conspiracy to defraud the United States; (2) committing mail fraud; (3) committing wire fraud; (4) making many false statements to his probation officer, including false statements about the amount of restitution owed, his employment, and his income; (5) failing to provide truthful monthly reports to his probation officer; (6) failing to answer truthfully all questions raised by his probation officer; (7) incurring debt without the permission of his probation officer; and (8) failing to provide complete access to his financial information. Kafka's 60-month sentence consists of a sentence of 36 months' imprisonment and a consecutive sentence of 24 months' imprisonment.

for or incur additional debt without first obtaining permission from his probation officer. But the government presented evidence that Kafka had made false statements to his probation officer about the nature of his employment and his earnings. For example, the government produced evidence that Kafka worked as a mortgage broker or a loan originator; but he reported to his probation officer that he performed mostly clerical work for a mortgage company for $7.50 per hour.

Kafka also failed to provide his probation officer with complete information on mortgages taken out on his home; the financial statements submitted by Kafka to his probation officer -- as required by the terms of his supervised release -- did not indicate that he had two mortgages on his home.[2] Through the testimony of Kafka's probation officer and other evidence, the government established violations of Kafka's supervised release, including that he made false statements about his employment, earnings, and assets and failed to provide complete access to his financial information.

Kafka next argues that the district court erred in imposing consecutive sentences upon revocation of his concurrent terms of supervised release. But he concedes that our decision in United States v. Quinones, 136 F.3d 1293 (11th Cir.

---

[2]On the loan application for these mortgages, Kafka represented that he earned $18,000 per month.

1998), does not support his argument. We review <u>de novo</u> the district court's interpretation of sentencing provisions. <u>Quinones</u>, 136 F.3d at 1294.

In <u>Quinones</u>, 136 F.3d at 1295, we explained that whether a term of imprisonment imposed for a violation of supervised release is served concurrently or consecutively is "a question that [18 U.S.C.] § 3584(a) entrusts to the [district] court's discretion." On appeal, Kafka contends that his case is distinguishable from <u>Quinones</u> -- which involved underlying charges brought in separate indictments -- because the underlying offenses in Kafka's case were originally charged in a single indictment.[3] But Kafka provides no reason why this difference indicates that we should not rely on our precedent; and he offers no authority to support his argument. In the light of our decision in <u>Quinones</u>, we are unpersuaded by Kafka's assertion that the district court erred in sentencing him to consecutive sentences for violations of his supervised release.[4]

---

[3]Although Kafka's underlying offenses were initially charged in a single indictment, the district court granted Kafka's motion to sever certain counts of his indictment before trial. After trial, Kafka was sentenced to 48 months' imprisonment on each of six counts of loan fraud, to be served concurrently, and three years of supervised release on each count, also to run concurrently. On some of the remaining counts, Kafka later was sentenced to 51 months' imprisonment -- with all but 9 months of that sentence to run concurrently with his prior sentence -- and to three years of supervised release on each count, which was to run concurrently with the sentence previously imposed.

[4]It appears that other circuits have affirmed the imposition of consecutive sentences in similar circumstances. <u>See</u>, <u>e.g.</u>, <u>United States v. Deutsch</u>, 403 F.3d 915, 916-18 (7th Cir. 2005); <u>United States v. Gonzalez</u>, 250 F.3d 923, 924-29 (5th Cir. 2001).

4

We also reject Kafka's claim that his consecutive sentences violated due process because he was not notified before sentencing that he could receive consecutive sentences for his supervised release violations.[5] Title 18 U.S.C. § 3584(a) specifically provides that multiple terms of imprisonment may run concurrently or consecutively. And nothing in 18 U.S.C. § 3583(a) -- which explains how a district court may include a term of supervised release as part of a defendant's sentence -- suggests that a district court cannot impose consecutive sentences for violations of supervised release.

We turn to Kafka's contention that his sentence was not reasonable because the district court sentenced him above the Guidelines range of 12 to 18 months' imprisonment. Kafka was sentenced for violating the terms of his supervised release after the Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005); so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and

---

[5]Although we usually review constitutional errors in sentencing de novo and reverse only for harmful error, see United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005), the government asserts that we should review Kafka's due process argument only for plain error. We need not decide this issue because, for the reasons discussed, Kafka's claim fails under either standard of review.

characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Kafka's sentence was reasonable. The district court did not exceed the statutory maximum for each sentence imposed. See 18 U.S.C. § 3583(e)(3). Although Kafka's total sentence exceeded significantly the advisory sentencing range set out in the Chapter 7 policy statements, see U.S.S.G. § 7B1.4(a), the district court was not required to sentence Kafka within that range. See United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000) (explaining that a district court must consider, but is not bound by, the policy statements of Chapter 7 of the Sentencing Guidelines in imposing sentence upon revocation of supervised release). Even before Booker, when application of the sentencing ranges provided by the Guidelines was considered to be mandatory, the Chapter 7 policy statements on revocation of supervised release were non-binding recommendations. See United States v. Hofierka, 83 F.3d 357, 361 (11th Cir. 1996). Sentencing courts were -- and are -- required to consider these policy statements; but they are not bound to follow them. See id.

Further, the district court explained that it considered the section 3553(a) factors and that a sentence above Kafka's Guidelines range was appropriate. The district court specifically noted that Kafka's sentence reflected the seriousness of his offense, promoted respect for the law, and provided just punishment and adequate deterrence. The district court was not required to state on the record that it explicitly considered each of the section 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Nothing in the record convinces us the sentence was unreasonable.

Although we affirm Kafka's sentence, we note that his judgment contains a clerical error. As the government noted, the written judgment states that Kafka's sentence is seven years' imprisonment; but at sentencing, the district court stated that Kafka's sentence was 60 months' imprisonment. "When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000). Therefore, although we affirm Kafka's sentence, we vacate and remand for the limited purpose of correcting the clerical error in the written judgment. See United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.