NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0469n.06

Nos. 15-1789, 15-1790

FILED
Aug 12, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| KEVIN LEE JONES, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:** **SILER, BATCHELDER, and GIBBONS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Kevin Jones appeals from the sentence the district court imposed following a violation of the conditions of his supervised release. In 2014, the district court revoked Jones's supervised release for the first time, imposing a custodial sentence for each of two underlying cases as well as a term of supervised release in each case to be served concurrently. The district court also ordered that Jones "serve the first six months of his supervised release term at a Residential Reentry Center [(RRC)]," a condition listed in the judgments for both cases. When the district court revoked Jones's supervised release for a second time, the court's sentence of incarceration included five months of unserved time in the RRC in each case, for a total of ten months. Jones argues that the district court's language created only one term of community confinement in the RRC that could be converted to imprisonment pursuant to U.S.S.G. § 7B1.3, rather than one in each case. Because the district

- 1 -

court did not plainly err in adding two five-month terms of unserved community confinement to Jones's sentence, we affirm.

**I.**

In 2010, Jones was sentenced to 40 months of imprisonment followed by a three-year term of supervised release after pleading guilty to possession of an unregistered firearm. This case, number 1:10-cr-53, is the subject of appeal in case number 15-1790. While completing his custodial sentence in the Community Alternatives Program (CAP) in the firearm case, Jones pled guilty to one count of escape for leaving the program without permission. The escape case is 1:12-cr-290, the subject of appeal in case number 15-1789. The district court sentenced Jones to 15 months' imprisonment to run consecutively with his uncompleted term of imprisonment in the firearm case and also ordered a three-year term of supervised release to run concurrently with the supervised release term in the firearm case.

Jones began supervised release on these cases in February 2014, and the district court revoked his release in May 2014, imposing a custodial sentence "of fourteen (14) months consisting of seven (7) months in Case No. 1:10cr53 and seven (7) months in Case No. 1:12cr290, running consecutively." The court also imposed 29 months of supervised release in each case to be served concurrently, with the special condition that Jones "serve the first six months of his supervised release term at a Residential Reentry Center." The two identical judgments, one entered in each case, included this special condition.

After one month in the RRC, Jones's supervised release was again revoked in June 2015. The guideline range for Jones's violations was 7–13 months of imprisonment, and the district court sentenced him to thirteen months' imprisonment on each underlying case with the sentences to run consecutively and no supervised release to follow. The district court also ordered that Jones's sentence include five months of unserved RRC time on each of the two

underlying cases, resulting in two consecutive eighteen-month sentences for a total of 36 months of incarceration.

Though defense counsel objected to the district court's decision to make the sentences consecutive, counsel did not object to the court's decision to incorporate the two five-month periods of unserved community confinement into the final sentence. Jones then timely appealed.

## II.

"A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). The parties agree that plain-error review applies, because Jones failed to object to the alleged procedural error in the district court. To demonstrate plain error, an appellant must prove: "(1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015). The Supreme Court has directed that "[a]t a minimum, [a] court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993).

## III.

The Sentencing Reform Act of 1984 authorizes a district court, when sentencing a defendant to a prison term for a felony or misdemeanor offense, to include a term of supervised release as a part of the sentence. 18 U.S.C. § 3583(a). Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his supervised release, a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." *Id.*

§ 3583(e)(3). The district court has the authority to impose consecutive sentences even upon revocation of concurrent terms of supervised release. *United States v. Dees*, 467 F.3d 847, 851–52 (3d Cir. 2006).[1] When a district court revokes supervised release, it may also order unserved community confinement to "be converted to an equivalent period of imprisonment." U.S.S.G. § 7B1.3(d).

After Jones's first revocation hearing in 2014, the district court ordered him to serve "the first six months" of his term of supervised release in the RRC. When Jones's supervised release was revoked again in 2015, the district court sentenced him to eighteen months of imprisonment on each underlying case, with these sentences to run consecutively and no period of supervised release. The district court calculated this sentence by adding the high end of the guideline range from U.S.S.G. § 7B1.4 and the five months of unserved RRC time, arriving at a total of eighteen months for each of Jones's two underlying cases. Because the district court did not clearly err under current law in sentencing Jones, and even assuming it did, any error did not affect Jones's substantial rights, we affirm the district court's sentence.

**A.**

Because U.S.S.G. § 7B1.3(d) permits "[a]ny . . . community confinement . . . previously imposed in connection with the sentence for which revocation is ordered that remains . . .

---

[1] All other circuits to consider this issue have held likewise. *See United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014) (affirming defendant's sentence of three consecutive terms of imprisonment based on violation of three concurrent terms of supervised release); *United States v. Xinidakis*, 598 F.3d 1213, 1215–16 (9th Cir. 2010) (affirming defendant's sentence of three terms of imprisonment for violation of supervised release, with the sentences on the supervised release violations associated with counts 1 and 2 to run consecutively); *United States v. Morris*, 313 F. App'x 125, 134–36 (10th Cir. 2009) (affirming defendant's sentence of consecutive terms of imprisonment for supervised release violation, although original imprisonment and supervised release terms ran concurrently); *United States v. Kafka*, 238 F. App'x 593, 595 (11th Cir. 2007) (per curiam) ("[W]hether a term of imprisonment imposed for a violation of supervised release is served concurrently or consecutively is 'a question that [18 U.S.C.] § 3584(a) entrusts to the [district] court's discretion.'"); *United States v. Deutsch*, 403 F.3d 915, 917 (7th Cir. 2005) (per curiam) ("No plausible reading of [Section 3584(a)] supports Deutsch's argument that it forbids a district court from imposing consecutive terms of *imprisonment* upon revocation of supervised release."); *United States v. Johnson*, 138 F.3d 115, 119 (4th Cir. 1998) (affirming defendant's sentence of two terms of imprisonment to run consecutively after revocation of supervised release).

unserved . . . [to] be converted to an equivalent period of imprisonment," we must determine what period of community confinement the district court originally imposed. Jones argues that because he would only have spent six months in the RRC and because the judgments in the underlying cases refer to the "first six months of his supervised release," the district court sentenced him to a single, six-month term of community confinement and thereby erred in treating the RRC time as two concurrent terms of community confinement. The government counters that the district court ordered two concurrent terms of supervised release, with each judgment specifically stating as a condition that "[t]he defendant shall serve the first six months of his supervised release term at a Residential Reentry Center." Thus, according to the government, the court ordered two terms of supervised release, to run concurrently, each of which would commence with six months of community confinement, and it thereby created two concurrent terms of community confinement

In support of his argument, Jones cites cases from other circuits which involve single judgments and clear language creating single terms of supervised release. In *United States v. Dillon*, the district court revoked Dillon's supervised release and imposed three consecutive terms of imprisonment and three concurrent terms of supervised release. 725 F.3d 362, 363 (3d Cir. 2013). The Third Circuit vacated his sentence, holding that because the district court had originally sentenced Dillon to "*a* term of five years" of supervised release, it could not sentence him to multiple terms of reimprisonment and/or supervised release upon a revocation of his supervised release. *Id.* at 368–69 (emphasis added). Similarly, in *United States v. Eskridge*, the Seventh Circuit held that where a district court had clearly sentenced a defendant to "a term" of supervised release, it could impose only a single term upon revocation. 445 F.3d 930, 934–35 (7th Cir. 2006).

These cases are inapposite. Unlike the single terms of supervised release in *Dillon* and *Eskridge*, the district court here sentenced Jones to two concurrent terms of supervised release, with the additional condition of supervised release listed on each judgment that he "serve the first six months of his supervised release term at a Residential Reentry Center." The district court thus ordered two terms of community confinement and did not err in sentencing Jones by converting the five months of unserved RRC time in each case into a term of imprisonment.

**B.**

Even assuming the district court erred, the error did not affect Jones's substantial rights. To establish that an error did not affect Jones's substantial rights and was therefore harmless, the government must demonstrate "with certainty" that the error did not "cause[] the defendant to receive a more severe sentence." *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006) (quoting *United States v. Oliver*, 397 F.3d 369, 379 (6th Cir. 2005)). It has satisfied that burden here because the district court said explicitly that it would have sentenced Jones to thirty-six months' incarceration regardless of the amount of unserved community confinement time available.

While sentencing Jones during the second supervised release revocation hearing, the court explained that its sentence of "13 months plus the five months of uncredited, unserved community time" in each case was intended to disincentivize the use of violations as a means of terminating supervision early. The court also noted in response to a defense counsel objection that if the sentence were to exceed the Guidelines in some way, "my view is that it's an appropriate exceedance under Section 3553 to achieve the necessary specific deterrence and punishment features on this but that it's not needed to accomplish those purposes to go to the four-year recommendation that Probation made." Thus, even if the court erred in incorporating two five-month terms of unserved community confinement into Jones's sentence instead of one,

this did not cause him to receive a more severe sentence. The district court stated that it would have sentenced him to this period of incarceration even if it exceeded the Guidelines.

## IV.

For the foregoing reasons, we affirm the district court's sentence.